UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALAIN MENDOZA PAJAN,

Petitioner,

v.

TONYA ANDREWS,

Respondent.

No. 1:26-cv-06727-DAD-CKD

ORDER GRANTING RESPONDENT'S MOTION FOR AN EXTENTION OF TIME TO FILE AN OPPOSITION TO PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER; GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND GRANTING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND FOR APPOINTMENT OF COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3, 4, 8)

On August 24, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for a temporary restraining order ("TRO") (Doc. No. 3), and a motion for appointment of counsel. (Doc. No. 4.) On August 25, 2026, this court ordered respondent to file a response to petitioner's TRO motion and directed respondent to indicate whether it opposed this court from also ruling on the underlying habeas petition. (Doc. No. 6.) On August 28, 2026, respondent filed a motion for an extension of time to file a response (Doc.

No. 8), which will be granted. Thereafter, respondent filed a response on August 30, 2026. (Doc. No. 9).

Respondent argues that petitioner's current immigration detention is under 8 U.S.C. § 1225(b), but also recognizes the controlling decision by the Ninth Circuit in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), and concedes that petitioner's current detention is now governed by 8 U.S.C. § 1226(a) based on that binding precedent. (Doc. No. 9 at 1.) Nonetheless, respondent asserts that the only process due to petitioner is entitled is a bond hearing before an immigration judge ("IJ"). (*Id.* at 3.) For the reasons explained below, the court finds respondent's argument in this regard to be unpersuasive and will order petitioner's immediate release.

The facts of this case are these. Petitioner is a citizen of Cuba. (Doc. No. 1 at 4.) Respondent has attached an exhibit to its response from the Department of Homeland Security which indicates petitioner arrived in the United States in October 2021. (Doc. No. 9-3 at 1.) That exhibit is a notice to appear issued to petitioner dated February 16, 2022, and makes it clear that petitioner was in contact with immigration authorities prior to the issuance of the notice. (*Id.*) Thereafter, petitioner was re-detained by immigration authorities in August 2026, following a traffic stop in Florida. (Doc. No. 9-1 at 2.) Petitioner currently remains detained at the Golden State Annex in McFarland, California. (Doc. No. 1 at 2.)

The court incorporates its reasoning in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *6 (E.D. Cal. Nov. 21, 2025), in which this court concluded that the petitioner's detention without notice and a pre-deprivation hearing following prior release violated petitioner's due process rights and that release is the proper remedy under such a situation. The court rejects respondent's argument that it is up to petitioner to request a *post*-deprivation bond hearing. The process that is due required that petitioner receive notice and a *pre*-deprivation hearing before an immigration judge.

Accordingly, for the reasons explained above,

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

/////

2. Respondent's motion for an extension of time to file a response to petitioner's motion for a temporary restraining order (Doc. No. 8) is GRANTED;

3. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Alain Mendoza Pajan, A-File No. 220-783-692 from respondent's custody;

   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger to the community by clear and convincing evidence;

4. Petitioner's motions for a temporary restraining order (Doc. No. 3) and for appointment of counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting him habeas relief;

5. The Clerk of the Court is directed to serve a copy of this order on the warden of the Golden State Annex; and

6. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 2, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE